UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JERRY B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00982-MJD-SEB |
| | ) |
| ANDREW M. SAUL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR EAJA FEES**

This matter is before the Court on Plaintiff's Motion for Award of Attorney Fees pursuant to the Equal Access to Justice Act. [Dkt. 21.] Plaintiff initially requested an award of $7,911.00. On May 19, 2020, the parties filed a Joint Stipulation to an Award of Attorney Fees pursuant to the EAJA, indicating that the parties agreed to resolve the fee issue and asked the Court to award Plaintiff the EAJA fees in the total amount of $7,554.82. [Dkt. 23.] For the reasons set forth herein, Plaintiff's Motion [Dkt. 21] is **GRANTED**, in part, for the stipulated total amount of $7,554.82.

**I. Background**

On March 9, 2019, Plaintiff filed his Complaint seeking judicial review of the ALJ's unfavorable finding denying his application for disability insurance benefits. [Dkt. 1.] On February 19, 2020, the Court reversed the Commissioner's decision and remanded Plaintiff's claims for further proceedings. [Dkt. 19.] Final judgment was entered in favor of Plaintiff. [Dkt. 20.] Plaintiff timely filed the instant motion with supporting documentation on May 18,

2020, requesting an EAJA attorney fee award of $7,911.00. [Dkt. 21.] Then, on May 19, 2020, the parties filed a Joint Stipulation to Award of Attorney Fees pursuant to the EAJA, indicating that the parties have agreed to an EAJA award of attorney fees in the total amount of $7,554.82. [Dkt. 23.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file his application (1) showing that he is a "prevailing party," (2) provide the Court with an itemized statement that represents the computation of the fees requested, and (3) allege that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether Plaintiff's motion for fees was timely filed. Section 2412(d)(1)(b) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (internal quotation marks omitted). The Court entered final judgment on February 19, 2020. [Dkt. 20.] Thus,

Plaintiff's May 18, 2020 petition, as well as the parties' stipulation for attorney fees filed by Defendant on May 19, 2020, were both timely filed. [Dkt. 21 & Dkt. 23.]

There is no question that Plaintiff is the prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). Plaintiff has provided the appropriate documentation for his fee request and alleged that the position of the Commissioner was not substantially justified. [*See* Dkt. 21-3 & Dkt. 21-4.] Because the Court in this matter remanded Plaintiff's case to an administrative law judge for further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next, the Commissioner bears the burden of proving that his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In the matter before the Court, the Commissioner agreed to a stipulated amount of fees, thereby electing not to carry out his burden of proving that his position was substantially justified. [Dkt. 23.] Therefore, Plaintiff satisfies the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Finally, Plaintiff asserts that the fees requested are reasonable according to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA, requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff has done so. [*See* Dkt. 21-4.] Plaintiff's counsel

spent 38.40 hours on this case, 37.30 hours in 2019 and 1.10 hours in 2020. The Court finds the number of hours expended to be reasonable.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

In this case, Plaintiff asserts that, because the EAJA was passed in 1996, and the Consumer Price Index at the time was $125.00, the proper calculations bring the 2019 hourly rate to $205.98 and the 2020 hourly rate to $207.22. [*See* Dkt. 22 at 3 & Dkt. 21-3 at 2.] Plaintiff asserts that the hourly rates requested is appropriate because "inflation has increased the cost of providing adequate legal service to person seeking relief against the government at a rate greater than general inflation." [Dkt. 22 at 4.] Based upon the parties' stipulation, the effective

agreed-upon hourly rate for the attorney' time is approximately $196.74.[1]  The Court finds that this rate is consistent with the inflation-adjusted rate, the depth of counsel's experience, the prevailing market rate in the community by lawyers of comparable skills and experience, and the rate approved in other similar disability cases in this district.  *See, e.g.*, *Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind. July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind. Aug. 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind. Jan. 3, 2014).

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy," has taken place on behalf of Plaintiff or his counsel.  Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, according to 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

The Court finds Plaintiff's initial request of $7,911.00 to be reasonable.  Because both parties have consented to the reduced total amount of $7,554.82, [Dkt. 23], the Court finds the stipulated amount to be appropriate, as well.  Therefore, based on the foregoing reasons, Plaintiff's Motion for Attorney Fees pursuant to the EAJA [Dkt. 21], is **GRANTED**, in part, and Plaintiff is awarded the amount set forth in the parties' Stipulation [Dkt. 23], which is the total amount of $7,554.82.  An award under the EAJA belongs to Plaintiff and not his attorney, and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States.  *Astrue v. Ratliff,* 560 U.S. 586 (2010).  However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be

---

[1] The parties' in their Stipulation to Award of Attorney Fees pursuant to the EAJA [Dkt. 23] agreed to an award of $7,554.82 for attorney fees and expenses but did not explicitly break down the hourly rate.  The Court has calculated the effective hourly rate by dividing the amount requested by the number of hours expended by Plaintiff's counsel, 38.40.

made payable to Plaintiff's attorney according to the EAJA assignment duly signed by Plaintiff and his counsel. [*See* Dkt. 21-1 & Dkt. 21-2.]

    SO ORDERED.

Dated: 28 MAY 2020

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.